# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**
July 7, 2009

No. 08-10776

Charles R. Fulbruge III
Clerk

RONALD WALKER

Plaintiff-Appellant

v.

CITY OF DALLAS, TEXAS

Defendant-Appellee

Appeal from the United States District Court
for the Northern District of Texas
No. 3:06-cv-1647-B

Before HIGGINBOTHAM, SMITH, and SOUTHWICK, Circuit Judges.

PATRICK E. HIGGINBOTHAM, Circuit Judge:[*]

This appeal arises out of a car chase that culminated in injuries to plaintiff-appellant Ronald Walker, an innocent bystander. The material facts are not in dispute. On November 6, 2005, around 1:00 am, two Dallas police officers, Rawleigh Williams and Christopher Williams observed Manuel Lozano fail to signal a right turn in his 1996 Dodge Intrepid. The officers attempted to pull Lozano over. Lozano sped off and entered a residential area. The officers pursued and, after a high-speed four-mile chase, Lozano's car struck a curb and

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

veered out of control. Lozano's car struck Walker, a pedestrian standing on the sidewalk. Walker was knocked unconscious, broke both legs, and suffered multiple abrasions and bruises to his face, scalp, arm, side, and legs. Lozano, when later apprehended and arrested, was found to be highly intoxicated.

On September 8, 2006, Walker brought suit against Dallas under 42 U.S.C. § 1983, pursuing a theory of municipal liability. The officers were not named as defendants. Walker sought compensatory damages, as well as attorneys' fees under 42 U.S.C. § 1988. Dallas moved for summary judgment, which the district court granted on July 2, 2008. Walker timely appealed.

We review rulings on summary judgment de novo,[1] and we affirm only if the record shows that there is "no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law."[2]

Walker has sued the municipality of Dallas, arguing that the city violated his civil rights, entitling him to relief under § 1983. "Municipal liability under . . . § 1983 requires proof of three elements in addition to the underlying claim of a violation of rights: a policymaker; an official policy; and a violation of constitutional rights whose moving force is the policy or custom."[3] As this standard makes clear, municipal liability under § 1983 cannot be based on *respondeat superior*.[4]

---

[1] *See Richardson v. Monitronics Int'l, Inc.*, 434 F.3d 327, 332 (5th Cir. 2005).

[2] F ED. R. CIV. P. 56(c).

[3] *Cox v. City of Dallas, Tex.*, 430 F.3d 734, 748 (5th Cir. 2005) (internal quotations and footnotes omitted).

[4] *Bolton v. City of Dallas, Tex.*, 541 F.3d 545, 548 (5th Cir. 2008) (*citing Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 692 (1978), *cert. denied*, 129. S. Ct. 1669 (2009)).

Walker argues that the district court erred in granting summary judgment in favor of Dallas because the officers violated his Fourteenth Amendment rights by engaging in a high-speed chase through a residential area in conscious indifference to Walker's substantive rights. In essence, Walker argues that because Lozano's infraction – the failure to signal a right turn – was minor while the risk of harm from the high speed chase – the possibility of causing injury to innocent bystanders – was great, Dallas should be held liable for the officers' decision to pursue Lozano.

Walker asserts no facts upon which to base municipal liability. He identifies neither a policymaker nor any official policy that has caused him a deprivation of his constitutionally protected rights. In fact, the only official policy to which he points – the city's police guideline expressly forbidding police chases such as the one that resulted in Walker's injury – directly contradicts his argument.[5] At best, he argues that *the officers* deprived him of a constitutional right,[6] but he has not sued the officers and the municipality cannot be held liable on a theory of *respondeat superior* standing alone. Walker entirely fails to meet the requirements for municipal liability that his court established in *Cox*.

Accordingly, because Walker has failed to set forth specific facts showing a genuine issue of material fact with respect to Dallas's alleged § 1983 violation, the district court properly granted summary judgment.

---

[5] Below, Walker argued that Dallas had pursued a constitutionally violative process, but he has apparently abandoned that argument on appeal; in any case, he provided no evidence below of such a policy, but mere conclusory allegations.

[6] As the district court noted, even this claim would require Walker to surmount the significant hurdle of *County of Sacramento v. Lewis*, 523 U.S. 833 (1998), which under strikingly similar circumstances rejected an attempt at a similar constitutional claim. We do not indulge further discussion of *Lewis* as it is unnecessary to dispose of Walker's claims.

AFFIRMED.